FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 2 0 2015 ★

BROOKLYN OFFICE

FILED
CLERK

2015 JAN 20  AM 10: 24

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

CHAKA VIRGIL,

Plaintiff,

-against-

THE CITY OF NEW YORK, JOELL BARNETT,
SERGEANT MICHAEL MILLER SHIELD #2951,
POLICE OFFICER WILLIAM REDDIN
SHIELD # 18523 both of the 81st PRECINCT and
UNIDENTIFIED POLICE OFFICERS all individuals sued
herein in their official and individual capacities.

Defendant(s).

-------------------------------------------------------X

COMPLAINT

CV 15 - 0279

DEARIE, J.

REYES, M.J

**JURY TRIAL DEMANDED**

The plaintiff, by his attorneys, The Law Office of Fred Lichtmacher P.C., complaining of

the defendants herein, respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom,

or usage of rights, privileges, and immunities secured to plaintiff by the Fourth, Sixth and Fourteenth

Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1 & 2).

5    This Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6    The plaintiff, CHAKA VIRGIL, is a resident of Kings County in the City and State of New York.

-1-

7    Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF NEW

YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of

the laws of the State of New York, and that at all times relevant defendant NYPD police officers were acting

for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8    At all times hereinafter mentioned, the defendants, Sergeant Michael Miller Shield # 2951, Police

Officer William Reddin Shield # 18523 both of the 81st Precinct and Unidentified Police Officers, were

employed by the defendant, NYC, as members of its police department and they are sued herein in both their

official and individual capacities.

9    Upon information and belief, at all times hereinafter mentioned, the defendant, NYC, its agents,

servants and employees operated, maintained and controlled the NEW YORK CITY POLICE

DEPARTMENT (NYPD), including all the police officers thereof.

10    The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the

Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the

policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising,

controlling and disciplining of its police officers and civilian employees and is the final decision maker for

that agency.

11    Upon information and belief, Joell Barnett, is a resident of Kings County in the City and State of

New York and upon information and belief she is a disbarred attorney who was formerly an Assistant

District Attorney in the Bronx.

12    This action arises under the United States Constitution, particularly under provisions of the Fourth,

Sixth and Fourteenth Amendments of the Constitution of the United States, and under federal law,

particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the

common law of the State of New York.

13      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## Notice of Claim

14      On or about March 11, 2014 and within ninety (90) days of the criminal charges against Mr. Virgil being dismissed, Mr. Virgil caused to be served on the Comptroller of the City of New York a Notice of Claim demanding no less than one million dollars ($1,000,000) in damages.

15      The Notice of Claim was in writing and sworn to by the plaintiff, and contained the name and post office address of the plaintiff as well as of his attorney.

16      The Notice of Claim set out the nature of claims, the time when, the place where and the manner in which the claims arose, as well as the damages and injuries claimed to have been sustained.

17      On or about July 31, 2014 the City of New York took Mr. Virgil's testimony pursuant to GML §50-h.

18      More than thirty days have elapsed since the aforementioned Notice of Claim was served on the City of New York and adjustment or payment thereof has been neglected or refused.

19      Defendant, NYC, is vicariously liable to Mr. Virgil for the individual defendants' common law tort of malicious prosecution via the principle of *respondeat superior*.

20      New York CPLR § 1601 does not apply to the instant matter pursuant to the exception provided by CPLR § 1602(1)(b).

21      This action was commenced within one year after the state cause of action became ripe as to Joell Barnett, within one year and ninety days of when it became ripe as to the Municipal defendant and within the three year statute of limitations applicable to Mr. Virgil's Constitutional claims.

## STATEMENT OF FACTS

22    On January 27, 2012, plaintiff Chaka Virgil was in his video studio with his coworkers at 165

Patchen Avenue, Apt 3R preparing to shoot a pilot for VH1 and MTV.

23    During the time Mr. Virgil was in the studio, he heard a woman, defendant Joell Barnett, banging

on his door at sometime in the early morning hours.

24    Mr. Virgil first met defendant Barnett two weeks prior, in the subway, and since then they had

spoken briefly two or three times.

25    Ms. Barnett's reason for being there was unknown to Mr. Virgil who had not invited her and he did

not want to answer the door to let her in.

26    Mr. Virgil's coworker opened the door to speak with Ms. Barnett.

27    Defendant Barnett tried to rush in past Mr. Virgil's coworker but was stopped by him and in an effort

to get her to leave he informed her Mr. Virgil was not in.

28    Defendant Barnett left the building, got into her car, and ran through a red light at which point she

was pulled over by the police.

29    After she was pulled over, she concocted a story that she was assaulted by Mr. Virgil.

30    Subsequently, Mr. Virgil was in the studio for over an hour setting up for the video shoot when he

heard more banging at his door.

31    Mr. Virgil then asked who it was, after which the defendants identified themselves as police, and

asked Mr. Virgil to open up.

32    At his door were officers including defendants Sgt. Miller and police officer Reddin.

33    Mr. Virgil was uncertain that they were in fact the police so he called the police himself, asking them

to deploy some officers to assess the situation while explaining that there were "some guys" banging at his

-4-

door, claiming to be the police.

34    As soon as uniformed members of the 81st Precinct arrived, Mr. Virgil opened the door stepped out into the hallway and closed the door behind himself, locking it.

35    After Mr. Virgil identified himself, the defendants arrested him, in the hallway and they then officers including defendants Sgt. Miller and Police Officer Reddin took his key and used it to enter his studio, without Mr. Virgil's consent, without an exigent circumstance, without probable cause or a warrant and they arrested one other individual in the studio[1].

36    Approximately six (6) officers, some in plain clothes (the ones initially banging on the door), and others in uniform entered the studio.

37    Subsequent to the defendants' entry into Mr. Virgil's studio, several individuals in the studio were allowed to leave, without being questioned by the police.

38    While the defendants searched Mr. Virgil's studio, they needlessly threw his things around, doing damage and making the studio disheveled, including, but not limited to, breaking a fifty-inch TV screen for no legitimate law enforcement reason.

39    From his studio, Mr. Virgil was taken to the 81st precinct.

40    Defendants Sgt. Miller and Police Officer Reddin falsely alleged that there was a live bullet on the floor and there were guns and drugs found in the studio, that drugs were being used and that a naked woman was walking around the studio, allegedly in distress.

41    Defendants Sgt. Miller and Police Officer Reddin were members of the 81st precincts anti-crime unit and their job assignment involved investigating gun crimes and robberies.

---

[1]    There is currently a related case pending in this Court over the arrest of this individual entitled Shinn v NYC et al,14 cv 4892 pending before the Honorable Jack Weinstein.

-5-

42     The defendant officers later admitted that they had not spoken with the allegedly distressed allegedly naked woman about her alleged distress, nor did she indicate verbally or otherwise she was in distress even though the defendants sought to justify their entry into Mr. Virgil's studio premised on the woman being in distress.

43     After Mr. Virgil spent a day in central booking, he was arraigned.

44     Mr. Virgil learned at his arraignment that he was charged with criminal possession of marihuana in the second degree (PL 221.25), criminal possession of marihuana in the third degree (PL 221.20), three counts of endangering the welfare of a child (PL 260.10(1)), three counts on criminal possession of a weapon in the fourth degree (PL 265.01(1)), possession of pistol ammunition (AC 10-131 (I)(3)), and unlawful possession of marihuana (PL 221.05).

45     Mr, Virgil had no guns or drugs in the studio nor was he aware that anyone else had those items.

46     At his arraignment he pled not guilty, at which point Mr. Virgil was remanded, with bail set at $2,000.

47     Mr. Virgil was stripped searched and he remained in custody for two days until he made bail.

48     Shortly after being remanded Mr. Virgil learned that defendant, Joell Barnett had falsely claimed that he had choked her, something which is rebutted by the photographs taken of her, by the officers observations and which was patently false.

49     The defendants took photographs of Ms. Barnett and they could see from viewing her in person and from the photographs that she had not been assaulted.

50     Over the course of two years Mr. Virgil was forced to appear in criminal court on numerous occasions.

51     On March 23, 2012, the grand jury returned indictment #880/2012 in which Mr. Virgil was charged

with three counts of Criminal Possession of a Weapon in the Second Degree, Criminal Possession of Marijuana in the Second Degree, Criminal Possession of a Weapon in the Third Degree, three counts of Criminal Possession of a Weapon in the Fourth Degree and three counts of Endangering the Welfare of a Child.

52     On May 8, 2012, the People convened a second Grand Jury, allegedly presenting additional evidence that was not presented before the first Grand Jury and it returned a true bill under indictment #3864/2012.

53     The crimes alleged were as follows: Strangulation in the Second Degree, Assault in the Third Degree, and Criminal Obstruction of Breathing or Blood Circulation.

54     On May 16, 2012, Mr. Virgil was arraigned on the indictment.

55     On October 3, 2012, indictment 3864/2012 was dismissed by the Court.

56     On November 15, 2012, the People again made a presentation to the Grand Jury regarding the charges that had been dismissed pursuant to indictment number 3864/2012.

57     On November 16, 2012, the Grand Jury returned a True Bill that superseded indictment number 3864/2012, and supplemented indictment number 880/2012.

58     The new Indictment, premised on the false allegations of defendant Barnett alleged: Strangulation in the Second Degree, Assault in the Third Degree and Criminal Obstruction of Breathing or Blood Circulation.

59     On December 4, 2012, Mr. Virgil was arraigned on indictment #9875/2012 and he pled not guilty.

60     Mr. Virgil was falsely charged with numerous crimes including; criminal possession of marihuana in the second degree (PL 221.25), criminal possession of marihuana in the third degree (PL 221.20), three counts of endangering the welfare of a child (PL 260.10(1)), three counts of criminal possession of a weapon in the fourth degree (PL 265.01(1)), possession of pistol ammunition (AC 10-131 (I) (3)), and unlawful

possession of marihuana (PL 221.05).

61    The defendant officers threatened at least one witness on the scene to provide false evidence of Mr. Virgil's guilt or she would go to jail.

62    After several court appearances and hearings The Honorable William M. Harrington of the Kings County Supreme Court determined that the witnesses against Mr. Virgil had been disingenuous and on February 13, 2014, the false charges were dismissed.

63    The defendants created false evidence and provided that to the District Attorney and they later provided false testimony which caused the prosecution of Mr. Virgil to commence and continue.

64    The prosecution of Mr. Virgil was ultimately dismissed due to the Supreme Court's determinations at evidentiary hearings after the prosecution had dragged out for over two years.

### AS AND FOR FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
### VIA FALSE ARREST

65    Mr. Virgil repeats the allegations contained in the prior paragraphs as if fully stated herein.

66    Mr. Virgil's rights have been violated under the Fourth Amendment of the United States Constitution as it applies to the states pursuant to the Fourteenth Amendment and 42 U.S.C.§1983, in that Mr. Virgil was falsely arrested by the defendants.

67    Mr. Virgil was confined by defendants; defendants intended to confine Mr. Virgil; Mr. Virgil was conscious of his confinement; and Mr. Virgil did not consent to the confinement which was not otherwise privileged.

68    The defendant officers could see from their own observations that Defendant Barnett had not been assaulted by Mr. Virgil and they had other reasons to know that she was not reasonably trustworthy and they

should not have made an arrest premised on her untrustworthy statements.

69     As a direct consequence of defendants' actions, Mr. Virgil was deprived of his rights, privileges and immunities pursuant to the Fourth Amendment of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

70     Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Virgil was subjected to being handcuffed, searched, confined, humiliated and he was forced to appear in court.

71     The false arrest was caused by the defendants without any legal justification, without authority of the law and without any reasonable cause or belief that Mr. Virgil was in fact guilty of crimes.

72     Defendants who were aware of the false arrest and permitted the illegal detention of Mr. Virgil to continue, are liable to Mr. Virgil by virtue of their failure to act pursuant to their affirmative duty to intervene.

73     By reason of the foregoing, Mr. Virgil was damaged; he was subjected to pecuniary harms; he was subjected to great indignities, humiliation, fear and anxiety; he was prevented from conducting his normal affairs of business, he was separated from his family, he was defamed in his community, he was forced to appear in court, he was stip searched and he was otherwise harmed.

74     By reason of the foregoing, Mr. Virgil has been damaged and he is entitled to awards of both compensatory and punitive damages as well as an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
## AGAINST SERGEANT MICHAEL MILLER,
## POLICE OFFICER WILLIAM REDDIN
## SHIELD # 18523 and UNIDENTIFIED POLICE OFFICERS
## via MALICIOUS PROSECUTION

75     Mr. Virgil repeats the allegations contained in the prior paragraphs as if fully stated herein.

76      Mr. Virgil's rights have been violated under the Fourth Amendment of the United States Constitution as it applies to the states pursuant to the Fourteenth Amendment and 42 U.S.C.§1983, by Sergeant Michael Miller, Police Officer William Reddin Shield # 18523 and Unidentified Police Officers in that Mr. Virgil was maliciously prosecuted by the defendants.

77      The said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against Mr. Virgil, the proceedings terminated in his favor via a dismissal and the action was commenced and continued intentionally and with malice and deliberate indifference to Mr. Virgil's rights.

78      The defendants presented and caused to be presented fabricated evidence to the District Attorney, to the grand jury and at hearings which resulted in Mr. Virgil's indictment and continued prosecution.

79      The defendant officers threatened a key witness into making false statements about Mr. Virgil's activities which contributed to his continuing prosecution.

80      By reason of the unlawful malicious prosecution, Mr. Virgil was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, he was defamed in his community and he was otherwise harmed.

81      By reason of the aforesaid, Mr. Virgil has been damaged and he is entitled to compensatory and punitive damages in sums to be determined by the trier of fact and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK
## BY JOELL BARNETT AND THE CITY OF NEW YORK
## via MALICIOUS PROSECUTION

82     Mr. Virgil repeats the allegations contained in the prior paragraphs as if fully stated herein.

83     Mr. Virgil's rights have been violated under the common law of the State of New York by the City of New York (via respondeat superior) and by Joell Barnett in that Mr. Virgil was maliciously prosecuted by said defendants.

84     The said malicious prosecution was initiated by the aforementioned defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against Mr. Virgil, the proceedings terminated in favor of Mr. Virgil via a dismissal and in that the action was commenced and continued intentionally and with malice and deliberate indifference to Mr. Virgil's rights.

85     Defendant Barnett entirely fabricated being choked by Mr. Virgil when she was angered that he did not want her in his studio.

86     The police officer defendants fabricated facts to justify their illegal entry into Mr. Virgil's studio.

87     The police officers fabricated finding contraband in Mr. Virgil's studio.

88     The police officers threatened a key witness into making false statements about Mr. Virgil's activities which contributed to his continuing prosecution.

89     The police officers ignored overt evidence of Defendant Barnett not being reasonably trustworthy in her reporting the alleged crime against her.

90     By reason of the unlawful malicious prosecution, Mr. Virgil was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make

court appearances, he was defamed in his community and he was otherwise harmed.

91      By reason of the aforesaid, Mr. Virgil has been damaged and he is entitled to compensatory

damages against both NYC and Barnett and he is entitled to punitive damages against defendant Barnett

in sums to be determined by the trier of fact.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 AND THE FOURTH, SIXTH AND**
**FOURTEENTH AMENDMENTS**
**BY SERGEANT MICHAEL MILLER,**
**POLICE OFFICER WILLIAM REDDIN**
**SHIELD # 18523 and UNIDENTIFIED POLICE OFFICERS**
**via DENIAL OF PLAINTIFF'S RIGHT TO A FAIR TRIAL**

92      Mr. Virgil repeats the allegations contained in the prior paragraphs as if fully stated herein.

93      Mr. Virgil was denied his right to a fair trial i.e., he was subjected to a deprivation of liberty

without due process by the individual defendants who created false information and provided that

information to the District Attorney.

94      In so doing the defendants violated Mr. Virgil's rights pursuant to the Fourth, Sixth and

Fourteenth Amendments to the United States Constitution.

95      The individual defendants fabricated and forwarded to prosecutors information they knew to be

false and said false information was almost certain to influence a jury's verdict.

96      The individual defendants who knew of Mr. Virgil being denied his right to a fair trial and who

failed to intervene to prevent his constitutional rights from being violated are liable to Mr. Virgil as are

the defendants who directly participated in fabricating and providing the false information to the Office of

the District Attorney.

97      By reason of the defendants denying Mr. Virgil a fair trial, he was damaged in that he was

subjected to great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, he was defamed in his community, he incurred various pecuniary harms and he was otherwise harmed.

98      By reason of the aforesaid, Mr. Virgil has been damaged and is entitled to compensatory and punitive damages and an award of attorney's fees is appropriate pursuant to 42U.S.C. §1988.

### AS AND FOR FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
### VIA AN UNREASONABLE ENTRY AND SEARCH

99      Mr. Virgil repeats the allegations contained in the prior paragraphs as if fully stated herein.

100     Mr. Virgil's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that Mr. Virgil was subjected to an unreasonable entry and search of his studio resulting in damage to his studio and his belongings and in particular, by breaking Mr. Virgil's fifty-inch TV screen for no legitimate law enforcement reason as well as an invasion of his privacy by the illegal entry.

101     As a direct consequence of defendants' actions, Mr. Virgil was deprived of his rights, privileges and immunities pursuant to the Fourth Amendment of the United States Constitution and more particularly, his right to be free from an illegal and unreasonably conducted search.

102     By reason of the foregoing, Mr. Virgil was damaged; he was subjected to pecuniary and other harms and he is entitled to awards of both compensatory and punitive damages as well as an award of attorneys' fees pursuant to 42 U.S.C. § 1988.


**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory

-13-

damages on all causes of action as well as for punitive damages on the individual defendants, along with reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on all plaintiff's federal causes of actions together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: January 17, 2015
      New York, New York

_____
FRED LICHTMACHER (FL-5341)
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
The Empire State Building
350 5th Avenue Suite 7116
New York, New York 10118
(212) 922-9066

To:    Zachary Carter
      Corporation Counsel City of New York
      100 Church Street
      New York, New York 10007

      Joell Barnett
      1161 Greene Avenue
      Brooklyn New York 11221-3814

      SGT MICHAEL MILLER  #2951,
      81st Precinct
      30 Ralph Ave
      Brooklyn NY 11221

      POLICE OFFICER WILLIAM REDDIN SHIELD # 18523
      81st Precinct
      30 Ralph Ave
      Brooklyn NY 11221